UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BENJAMIN FRANKLIN HARRISON, | ) | Civil Action No. 4:22-cv-2316-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| ELITE QUARTZ MANUFACTURING, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## I.     INTRODUCTION

This case arises from Plaintiff's employment with Defendant and subsequent termination. Plaintiff asserts causes of action for discrimination and retaliation in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. Presently before the court is Plaintiff's Motion for Default Judgment (ECF No. 15). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(g), DSC.

## II.    PROCEDURAL HISTORY

Plaintiff filed this action on July 20, 2022. On July 28, 2022, Plaintiff filed a Proof of Service of Process, stating that

> the Defendant was served with process pursuant to Rule 4(h)(1)(B), Fed. R. Civ. P., by the delivery via certified mail, return receipt requested, of a copy of the Summons and Complaint in the above-captioned action on July 25, 2022, to the Defendant's agent authorized by appointment to receive service of process: National Registered Agents, Inc., 2 Office Park Court, Suite 103, Columbia, South Carolina 29223

1

See Proof of Service of Process (ECF No. 6). Attached to the Proof of Service was a Letter from the United States Postal Service (USPS) that mail had been delivered to Recipient "R A for Elite Quartz MFG, LLC" via First-Class Mail with "extra services" Certified Mail and Return Receipt Electronic. The letter included a scanned image of the signature of the recipient "Lisa Cullen" and the address of the recipient, which appears to say "2 Office Park Ct 103" See USPS Letter (ECF No. 6-1). Plaintiff also attached a print-out from the South Carolina Secretary of State Business Entities Online search, which indicates that the Registered Agent for Elite Quartz Mfg LLC is National Registered Agents, Inc located at 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. See Secretary of State Record (ECF No. 6-2).

On August 30, 2022, Plaintiff filed a Request for Entry of Default along with a Declaration from Plaintiff's Counsel that Plaintiff had properly served Defendant and Defendant had not filed an Answer or other responsive pleading. On August 31, 2022, the Clerk's Office entered a Clerk's Entry of Default (ECF No. 10).

On May 19, 2025, Plaintiff filed the present Motion for Default Judgment (ECF No. 15) and requested a hearing to determine damages. No response has been filed and, to date, Defendant has not made an appearance in this action.

### III.  DISCUSSION

####    A.  Service of Process

Rule 55 of the Federal Rules of Civil Procedure allows for a default judgment against a party who has "failed to plead or otherwise defend" itself in an action against it. Fed.R.Civ.P. 55. Nonetheless, before entering a default judgment against a defendant, a court must assure itself that defendant has been properly served. See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d

1087, 1089 (4th Cir. 1984) (vacating a default judgment where service of process was insufficient). A court does not have personal jurisdiction over a defendant who has not been properly served and therefore has no power to enter a default judgment. See Central Operating Co. v. Util. Workers of America, AFL-CIO, 491 F.2d 245, 249 (4th Cir. 1974) ("It is axiomatic that a federal court cannot acquire in personam jurisdiction over a defendant who does not voluntarily appear unless he is served with process in a manner authorized by federal statute or rule."); see also Goldbelt Wolf v. Operational Wear Armor, LLC, No. 1:15-cv-1269, 2016 WL 726532, at *2 (E.D. Va. Feb. 22, 2016). Thus, when presented with a motion for default judgment, a court may deny the motion and set aside the underlying entry of default if it finds that service of process was insufficient. See Lostutter v. Cook, No. 1:17-cv-801, 2018 WL 6002472, at *3 (M.D.N.C. Nov. 15, 2018).

Rule 4 of the Federal Rules of Civil Procedure governs service of process. With respect to corporations, partnerships, and associations, subsection (h) provides

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>  (1) in a judicial district of the United States:
>   (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>   (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
>  (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h). Rule 4(e)(1) states that service may be made in accordance with the law of the state where the district is located or where service was made. In his Proof of Service of Process,

Plaintiff states that Defendant was served in accordance with Federal Rule of Civil Procedure 4(h)(1)(B) "by the delivery via certified mail, return receipt requested." <u>See</u> Proof of Service of Process. However, the Federal Rules do not provide for service by mail unless such service is allowed by the state where the district court is located or the state where service is to be effectuated. <u>Lynch v. United States Pharmacopeial Convention</u>, No. 8:21-CV-0119-PX, 2021 WL 2139336, at *1 (D. Md. May 26, 2021). Thus, the Court must look to South Carolina law to determine whether service of process in this case was proper.

> Rule 4(d)(8) of the South Carolina Rules of Civil Procedure provides,
>
> (d)(8) Service by Certified Mail. Service of a summons and complaint upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule may be made by the plaintiff or by any person authorized to serve process pursuant to Rule 4(c), including a sheriff or his deputy, by registered or certified mail, return receipt requested and delivery restricted to the addressee. Service is effective upon the date of delivery as shown on the return receipt. Service pursuant to this paragraph shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing the acceptance by the defendant. Any such default or judgment by default shall be set aside pursuant to Rule 55(c) or Rule 60(b) if the defendant demonstrates to the court that the return receipt was signed by an unauthorized person. If delivery of the process is refused or is returned undelivered, service shall be made as otherwise provided by these rules.

SCRCP 4(d)(8). Plaintiff here sent the summons and complaint by certified mail with a return receipt, but he did not restrict delivery to the addressee. The USPS Letter states that the only extra services purchased for this "Postal Product" were "Certified Mail" and "Return Receipt Electronic." <u>See</u> USPS Letter. There is no indication that delivery was restricted to the addressee. Further, in both his Proof of Service and his Declaration in support of his Request for Entry of Default, counsel for Plaintiff states only that the Summons and Complaint were delivered "via certified mail, return receipt requested," with no mention of restricted delivery. <u>See</u> Proof of

Service; Declaration. Thus, service was not proper. See Craig v. Glob. Sol. Biz LLC, No. 2:19-CV-00187-DCN, 2020 WL 528015, at *3 (D.S.C. Feb. 3, 2020) (recognizing that service by certified mail with return receipt requested but absent restricted delivery is not proper service under SCRCP 4(d)(8)). Though the Supreme Court of South Carolina has "never required exacting compliance with the rules to effect service of process," Id. (citing Roche v. Young Bros. of Florence, 456 S.E.2d 897, 900 (S.C. 1995)), the court must still determine whether "the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings." Roche, 456 S.E.2d at 899. Defendant has at no point made an appearance in this action and there is nothing to indicate that it has received actual notice of this lawsuit. See Scott v. Md. State Dep't of Labor, 673 Fed. Appx. 299, 304 (4th Cir. 2016) ("[T]he real purpose of service of process is to give notice to the defendant[.]") (citations omitted). As a result, this Court cannot ignore Plaintiff's defect in service and the Court does not have personal jurisdiction over Defendant.

Further, Fed. R. Civ. P. 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m); see also Gelin v. Shuman, 35 F.4th 212, 220 (4th Cir. 2022) ("[W]e hold that under Rule 4(m), a district court possesses discretion to grant the plaintiff an extension of time to serve a defendant with the complaint and summons even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule.").

The complaint in this case was filed July 20, 2022, and over three years have elapsed without Defendant being properly served. With respect to whether a plaintiff has shown good cause to extend the deadline to properly serve a defendant under Rule 4(m), the Fourth Circuit explains that

> "Good cause" requires a "showing of diligence on the part of the plaintiffs." Attkisson v. Holder, 925 F.3d 606, 627 (4th Cir. 2019). Consistent with that foundational principle, good cause is commonly found to "exist[ ] when the failure of service is due to external factors, such as the defendant's intentional evasion of service," but "significant periods of inactivity" and a "fail[ure] to seek extension of time before [the] deadline [has] lapsed" tend to undercut any claim of good cause. Id. At bottom, "[w]hile 'good cause' is a flexible standard, diligence provides a touchstone for an appellate court" in its review. Id.; see also 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice and Procedure § 1137 (4th ed. 2015) (explaining that in evaluating good cause under Rule 4(m), "courts have rejected excuses based on ... ignorance of the rule, the absence of prejudice to the defendant, ... inadvertence of counsel, or the expenditure of efforts that fall short of real diligence by the serving party").

Gelin v. Shuman, 35 F.4th 212, 218 (4th Cir. 2022); see also Kelly v. Heritage Servs. Corp., No. 5:20-CV-04138-JMC, 2021 WL 1660717, at *2 (D.S.C. Apr. 28, 2021) (finding no good cause for failure to properly serve the defendant where the paralegal inadvertently failed to check the box requiring restricted delivery); Scott v. Crowder, No. 5:22-CV-00099-MR, 2023 WL 5674127, at *4 (W.D.N.C. Aug. 31, 2023) (finding that the court's determination that service was not proper after the clerk's entry of default was not good cause for failure to timely serve).

Because there is no information before the court providing any reason why Plaintiff failed to properly serve Defendant, at this time and based on this record, the undersigned recommends the district judge dismiss Plaintiff's complaint without prejudice.[1]

---

1 This report and recommendation and Plaintiff's opportunity to file objections to this report operates as "notice" to Plaintiff under Rule 4(m).

### B.     Failure to State a Claim

Even if Plaintiff had properly served Defendant, its failure to appear in this action is not an automatic entitlement to damages. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (noting that "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). "When a motion for default judgment is unopposed, the court must exercise sound judicial discretion to determine whether default judgement should be entered." Craig, 2020 WL 528015, at *2 (citation omitted). Foremost, a court must be satisfied that the complaint states a legitimate cause of action. See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a valid claim). In doing so, "the court accepts a plaintiff's well-pleaded factual allegations as true." Broxton v. Blue Ridge in Fields, 2019 WL 3315245, at *2 (D.S.C. July 24, 2019) (citing DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 322 n.2 (4th Cir. 2008)). However, the court need not accept the plaintiff's legal conclusions and must determine whether the plaintiff's allegations support the relief sought. Ryan, 253 F.3d at 780. The Court applies the pleading standards announced in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in this context. See Baltimore Line Handling Co. v. Brophy, 771 F. Supp. 2d 531, 544 (D. Md. 2011). And so, where a complaint avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment. Russell v. Railey, No. DKC 08-2468, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (quoting Iqbal, 556 U.S. at 678); see, e.g., Baltimore Line Handling Co., 771 F. Supp. 2d at 545 ("The record lacks

any specific allegations of fact that 'show' why those conclusions are warranted."); DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir.2007) (holding that allegations in the complaint that merely "parrot the language" of a statute "are not well-pleaded facts" but "simply [ ] legal conclusions" that are not "admitted through default").

If Defendant was properly served and failed to file an answer or otherwise respond, the factual allegations in Plaintiff's complaint are deemed true. Plaintiff alleges that on February 11, 2020, while employed by Defendant as a Maintenance Mechanic in its quartz countertop manufacturing plant, he was exposed to "strong fumes that smelled like glue and paint, which bothered his breathing and caused him to vomit." Pl. Compl. ¶ 15. Plaintiff was allowed to leave work and took a shower when he got home. Because his breathing had not improved, Plaintiff visited the emergency room, where he was administered and prescribed medications and received instructions to follow up with his primary care provider. Pl. Compl. ¶ 15.

On February 14, 2020, Plaintiff visited his primary care provider, who excused Plaintiff from work until February 19, 2020, and then subsequently extended the work excuse through March 9, 2020, March 12, 2020, and ultimately determined he could return to work on March 24, 2020. Plaintiff provided these doctor's excuses to Defendant, though he did not provide the excuse extending Plaintiff's absence to March 24, 2020, until March 17, 2020. Pl. Compl. ¶¶ 16-19. On Thursday, March 19, 2020, Defendant's human resources manager mailed Plaintiff a letter terminating him stating, in relevant part, "you have failed to return to work after being out with illness for an extended period of time which results in immediate termination." Pl. Compl. ¶ 20. Having not yet received the letter, Plaintiff returned to work on March 24, 2020, and was told by

his supervisor to go to the human resources office to get an N95 mask. There, the human resources manager told Plaintiff he had been terminated on March 19, 2020.   Pl. Compl. ¶ 22.

Plaintiff alleges Defendant discriminated and retaliated against him because of his disability in violation of the ADA. However, even accepting all factual allegations as true, Plaintiff still fails to state a claim for relief that is plausible because he fails to present sufficient facts to show that he had a disability. The ADA makes it unlawful to "discriminate against a qualified individual on the basis of disability in regard to ... discharge of employees." 42 U.S.C. § 12112(a). A "disability" includes any physical or mental impairment that "substantially limits one or more major life activities" of an individual. 42 U.S.C. § 12102(1)(A). Here, Plaintiff has not alleged any specific disability. He simply alleges that strong fumes at work caused him difficulty breathing as well as vomiting. He alleges "Plaintiff's medical condition is a 'disability' within the meaning of the ADA, 42 U.S.C. § 12102(2) because it is a physical impairment that substantially limits one or more of his major life activities; because he has a record of such impairment; and/or because Defendant regarded him as having such an impairment."   Pl. Compl. ¶ 24. His factual allegations regarding his disability are limited to two symptoms following strong fumes at work and then his "medical condition." District Courts within this Circuit have repeatedly held that such bare allegations are insufficient to reach the legal conclusion that he has a disability. See Aspinall v. Bureau of Prisons, No. 8:24-CV-5312-DCC-WSB, 2024 WL 5507525, at *6 (D.S.C. Oct. 30, 2024), report and recommendation adopted, No. 8:24-CV-05312-DCC, 2025 WL 914316 (D.S.C. Mar. 26, 2025) (holding that the plaintiff failed to state a claim under the Rehabilitation Act because his allegations that he was injured while on the job were insufficient to allege a disability); Jackson v. S. Glazers of MD LLC, No. CV GLR-24-1393, 2024 WL 4335684, at *3 (D. Md. Sept.

9

26, 2024) (holding that the plaintiff's allegations that he fell while walking up the stairs and injured himself were insufficient for the court to infer that he suffered from a disability for purposes of his ADA claim); Fedynich v. Boulder Hous. Partners, No. 3:20CV165 (DJN), 2020 WL 5371352, at *10 (E.D. Va. Sept. 8, 2020), aff'd, No. 20-2082, 2023 WL 1814208 (4th Cir. Feb. 8, 2023) (holding that the plaintiff's allegations in her complaint of "mental health needs," "disabilities," "medical conditions" and "health issues" were insufficient to "identify a plausible disability sufficient to state a claim under either the ADA or the RA"); May v. Martin Fein Int. Ltd., No. 5:21-CV-83-M, 2021 WL 3361688, at *11 (E.D.N.C. June 17, 2021), report and recommendation adopted, No. 5:21-CV-00083-M, 2021 WL 3356324 (E.D.N.C. Aug. 2, 2021) ("The bare allegation that Mr. May has a heart condition is insufficient to show that he is disabled within the meaning of the ADA."); Okyere v. John Bean Techs. Corp., No. 5:20-CV-190-FL, 2020 WL 7625237, at *7 (E.D.N.C. Dec. 22, 2020) ("Plaintiff's bare assertions, without supporting facts, that his injury disabled him and that he is disabled within the meaning of the ADA are not adequate, as they are merely legal conclusions."); Stevenson v. DOT Transportation, Inc., No. CV CCB-17-2078, 2018 WL 3392883, at *3 (D. Md. July 12, 2018) ("Simply stating that [the plaintiff's injuries substantially limited his life activities] is a conclusory allegation that does not sufficiently state a claim" under the ADA.).

      Plaintiff also asserts a retaliation cause of action. He alleges that Defendant retaliated against him by terminating his employment after he requested a reasonable accommodation of time off from work. "Employers violate the ADA by retaliating against an employee for engaging in ADA protected activity." Israelitt v. Enterprise Servs. LLC, 78 F.4th 647, 655 (4th Cir. 2023). Although a request for an accommodation can be protected activity, see Haulbrook v. Michelin N.

Am., 252 F.3d 696, 706 (4th Cir. 2001), "courts have ruled that a plaintiff's request for time off does not qualify as a request for accommodation." Granda v. Old Dominion Freight Line, Inc., No. 3:19-CV-03294-JMC, 2021 WL 4472743, at *6 (D.S.C. Sept. 30, 2021) (citing McCormack v. Blue Ridge Behav. Healthcare, No. 7:18CV00457, 2021 WL 804199, at *11 (W.D. Va. Mar. 3, 2021) (collecting cases)); Rogers v. City of Greensboro ABC Bd., No. 1:23-CV-621, 2024 WL 3535420, at *5 (M.D.N.C. July 24, 2024). Thus, Plaintiff also fails to state a claim for retaliation.

In sum, even though the court takes Plaintiff's factual allegations as true, those allegations do not state a claim for violation of the ADA because Plaintiff's facts do not show that he had a disability as defined by the ADA or that he engaged in protected activity. As such, default judgment is not appropriate against Defendant. Further, because Plaintiff has failed to state a claim under the ADA, this case should be dismissed. See, e.g. Johnson v. Brede Washington, Inc., No. 1:21-CV-1600-LKG, 2025 WL 1952511, at *2 (D. Md. July 16, 2025) (denying the plaintiff's motion for default judgment and dismissing the complaint for the plaintiff's failure to state a claim); Victoria Select Ins. Co. v. R&G Transportation, No. 3:16CV624, 2017 WL 5158684, at *5 (E.D. Va. Sept. 7, 2017) (denying the plaintiff's motion for default judgment and dismissing the case without prejudice for the plaintiff's failure to allege sufficient factual matter to state a claim for relief) (citing Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 n.10 (4th Cir. 2006) ("Where the face of a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it." (quoting 5A Wright & Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)))).

## IV.  CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Motion for Default Judgment (ECF No. 15) be denied and this case be dismissed without prejudice for Plaintiff's

failure to properly and timely serve Defendant or, in the alternative, because Plaintiff fails to plausibly allege a claim for relief in his Complaint.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

August 26, 2025  
Florence, South Carolina